**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| Amauricale Gardner,<br><br>　　　　Plaintiff,<br><br>V.<br><br>Equifax Information Services, LLC,<br><br>　　　　Defendant. | Case No:<br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1.　This is an action for actual and statutory damages exclusive of attorney's fees and cost, brought by Mr. Gardner against Equifax Information Services, LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et. seq. ("FCRA").

### II. JURISDICTION AND VENUE

2.　Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.　Equifax is subject to the provisions of the FCRA and is subject to the jurisdiction of the Court.

4.　Venue is proper in this District in that Defendant is headquartered within this District and a substantial part of the events or omissions

giving rise to the herein claim occurred, or a substantial part of property that is the subject of the action is situated within this.

### III. ALLERGATIONS AS TO PARTIES

5.    Mr. Gardner  is a natural person residing in Pantego, Texas.

6.    Mr. Gardner is a Consumer as defined by 15 U.S.C. § 1681a(c).

7.    Equifax is a Georgia corporation, with a primary business address of 1550 Peachtree Street NW, Atlanta, GA 30309.

8.    Equifax is registered to conduct business as a foreign corporation in the State of Texas, where its Registered Agent is Corporation Service Company, 211 E. 7th Street Suite 620, Austin, Texas 78701. Equifax is a nationwide Consumer Reporting Agency ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet. As a CRA, Equifax is aware of its obligations under the FCRA.

### IV. FACTS OF THE COMPLAINT
### Mr. Gardner 's February 2026 Consumer Disclosure

9.    On or about February 9, 2026, Mr. Gardner requested a copy of his consumer credit disclosure from Equifax.

10.   Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Mr. Gardner 's request, Equifax was required to provide a clear and accurate disclosure of all information in Mr. Gardner 's file at the time of his request, with the exception that his Social Security number could be truncated upon request.

11.   Equifax provided an electronic copy of Mr. Gardner 's Consumer Disclosure (hereinafter "Equifax's Disclosure") to him

## **Equifax's Disclosure Was Incomplete, Unclear, or Inaccurate Omission of Original Creditors**

12.   Despite a requirement to disclose all information in his credit file at the time of his request, Equifax's Disclosure omitted significant amounts of information contained in his credit file required under 15 U.S.C. § 1681g.

13.   Equifax's Disclosure indicated that Plaintiff's credit file contained three (3) Collection accounts classified as "Credit Accounts" **SEE EXHIBIT A**.

14.   Equifax's Disclosure indicated that Mr. Gardner 's file contained an account classified as "collections."

15.   Equifax's Disclosure describes: "Credit Accounts" are those that "includes all types of credit accounts, such as revolving accounts,

mortgage accounts, and any other installment loans or open lines of credit." **SEE EXHIBIT A**.

16. The accounts appearing in the "Credit Accounts" section were reported by the following companies:

- LVNV Funding, LLC *2427

- National Credit Adjusters *0334

- Plaza Services LLC *9927

17. LVNV, Plaza and NCA are Debt Buyer companies whose primary purposes are the purchase and collection of debts which were originally owed to third parties.

18. As LVNV, Plaza and NCA does not originate credit lines or lend to consumers, they are debt buyers and cannot be considered an Original Creditor.

19. However, when disclosing the LVNV, Plaza and NCA tradelines to Mr. Gardner, Equifax indicated that LVNV, Plaza and NCA were the Original Creditor of the accounts, omitting any reference to the actual Original Creditor.

20. Despite Equifax's obligation under 15 U.S.C. § 1681g(a) to provide a complete disclosure of all information in Plaintiff's consumer file, Equifax knowingly refused to report the original creditor information even though it possessed such information at that time.

21. Equifax thus shifted the burden of disclosure and inquiry away from itself and onto Mr. Gardner.

## **<u>Omission of Complete Account Numbers</u>**

22. To further complicate and confuse Mr. Gardner's review of his report, Equifax omitted the full account numbers relating to the LVNV, Plaza and NCA tradelines.

23. Upon information and belief, the data furnishers reported the full account numbers belonging to their respective accounts to Equifax, and this information was contained within Equifax's file at the time of her disclosure request.

24. When Equifax produces and sells reports regarding Mr. Gardner to third parties, the full account numbers and names of the original creditors are included in its reports.

25. The accuracy of Equifax's reports to third parties demonstrates its ability to comply with 15 U.S.C. § 1681g(a) as well as the contents of its files.

26. Having a duty to disclose all of the information regarding the accounts in Mr. Gardner 's file, Equifax breached its duty by failing to provide the account numbers and original creditors' names, as such information is necessary for a consumer to be able to research and evaluate the information contained in his credit file.

27. In the absence of such information, Mr. Gardner is left with no choice but to play detective at best or resort to guessing whether the information in his report is accurate at worst.

28. Equifax's disclosure contains a section entitled "Collections," stating: "Collections are accounts with outstanding debt that have been placed by a creditor with a collection agency. Collections stay on your credit report for up to 7 years from the date the account first became past due. They generally have a negative impact on your credit score."'

29. LVNV, Plaza and NCA are registered within the State as a Consumer Collection Agency.

30. Thus, Equifax should have placed these tradelines under the "Collections" header of Mr. Gardner 's Disclosure rather than the "Credit Accounts" header.

31. In addition to missing the full account numbers from the debt buyer accounts listed in "Credit Accounts," Equifax disclosed a significant number of accounts reported by other data furnishers without full account numbers.

32. Equifax is reporting five (5) tradelines without a full account number.

33. On information and belief, all the aforementioned data furnishers reported full account numbers to Equifax, and this information was contained within Equifax's file on Mr. Gardner at the time of his request for his consumer disclosure.

34. Due to widespread systemic problems, Equifax's automated systems omit all but the last two or four account numbers reported by data furnishers that have a reported current payment status of "charge off," in addition to many other types of accounts.

35. Equifax knows of this error but, despite such knowledge, has yet to correct it.

36. Equifax's failure to disclose full account numbers violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. See Washington v. Equifax, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019) ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

37. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. See, e.g., Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury

in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

38. The lack of accurate, full account numbers caused Mr. Gardner great frustration and emotional distress when trying to understand his credit report and verify it against his own records.

39. Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of 'all information' in the file." **SEE EXHIBIT B**.

40. Equifax's omission of the original creditor and full account numbers greatly decreases a consumer's ability to understand his consumer credit disclosure, identify the accounts, and compare those accounts with his own records.

41. The Credit Reporting Resource Guide, published by the Consumer Data Industry Association ("CDIA"), a trade association representing the CRAS, including Equifax, states that:

**"The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports**. Without the original creditor names, consumers

may not know what the accounts represent." (**Emphasis original.**) **SEE EXHIBIT C.**

42.    The Credit Reporting Resource Guide instructs debt collectors to "(r)eport the name of the company/creditor that originally opened the account for the consumer." Id.

43.    On information and belief, LVNV, Plaza and NCA complied with the Credit Reporting Resource Guide and reported the names of the true original creditors of its reported accounts.

**Prevalence of Equifax's Account Number Errors**

44.    On information and belief, Equifax's Disclosure to Mr. Gardner was generated using a template that extracts database information from a consumer's file and populates it into various pre-programmed fields on a consumer disclosure form.

45.    On information and belief, this same template is used virtually every time a consumer requests their file from Equifax through annualcreditreport.com

46.    On information and belief, www.annualcreditreport.com is the location where the majority of consumers obtain their Equifax credit disclosure.

47. Consumer disclosures retrieved through annualcreditreport.com all exhibit the same missing account number and missing original creditor name errors.

48. Thus, every consumer with accounts appearing in the incorrect section of their disclosure who requested their disclosure from Equifax through www.annualcreditreport.com since the template's use began received a consumer disclosure with the same errors as Mr. Gardner.

49. Equifax's error has therefore likely affected thousands of consumers.

50. Equifax has known of the flaws in its systems for years, but has done nothing to fix them, despite the large number of consumers affected. See, e.g., Justin Purdy vs. Equifax Information Services LLC, case 8:19-cv-00217, M.D. FL, Jan. 28, 2019.

51. Equifax's knowing and repeated conduct warrants an award of punitive damages.

52. Equifax's failure to disclose all of the information in the consumer's credit file in free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the Defendant's desire to avoid costs and increase profits.

53. Mr. Gardner has a right to a full and complete disclosure of the contents of his file upon demand, at least once a year and without

charge, and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j.

54. Equifax's failure to accurately, fully, and clearly disclose the information within its files regarding Mr. Gardner deprived him of this right.

## COUNT I
## VIOLATIONS OF THE FCRA

55. Mr. Gardner adopts and incorporates paragraphs 1 - 54 as if fully stated herein.

56. Equifax violated 15 U.S.C. § 1681g(a)(1) when responding to Mr. Gardner 's request for his consumer disclosure by failing to clearly and accurately disclose to Mr. Gardner, a Consumer, all the information in his file at the time of the request. Specifically, Equifax disclosed three (3) accounts reported by LVNV, Plaza and NCA without disclosing the full account numbers or the names of the Original Creditor and five (5) accounts also without the full account numbers, even though full account numbers were reported by the data furnishers.

57. Equifax knowingly provided inaccurate information in Mr. Gardner 's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

58. Equifax is therefore liable to Mr. Gardner, pursuant to 15 U.S.C. § 1681n, for the greater of his actual damages and statutory damages of up to $1,000 per violation, plus attorneys' fees and costs.

59. Alternatively, Equifax's conduct was negligent, and Equifax is therefore liable to Mr. Gardner, pursuant to 15 U.S.C. § 1681o, for his actual damages, plus attorneys' fees and costs.

**WHEREFORE,** Mr. Gardner respectfully requests that the Honorable Court enter judgment against Equifax for:

a. The greater of statutory damages of $1,000 per incident and Mr. Gardner 's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Mr. Gardner 's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d. Such other relief that this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Mr. Gardner demands a jury trial on all issues so triable.

Respectfully submitted on March 16, 2026, by:

*/s/ Esther Oise*
Esther Oise, Esq. (GA Bar #686342)
Oise Law Group PC
2635 Governors Walk Blvd.
Snellville, GA 30078
Email: oiselaw@gmail.com
Telephone: (770) 895-3736
Attorney for Plaintiff

# EXHIBIT A

# Plaintiff's Equifax Disclosure



### LVNV FUNDING LLC - Closed

CARE OF RESURGENT CAPITAL SERVICES L.P PO BOX 1269, PO BOX 1269, Greenville, Date Reported: **02/03/2026** | Balance: **$1,034**
SC 29602 | (866) 464-1183
Account Number: **\*2427** | Owner: **Individual Account**                                        Credit Limit: **=** | High Credit: **$785**
Loan/Account Type: **Debt Buyer** Account | Status: **=**

| | | |
|---|---|---|
| Date Opened: **06/16/2022** | Date of 1st Delinquency: **11/21/2021** | Terms Frequency: **=** |
| Date of Last Activity: **=** | Date Major Delinquency 1st Reported: **09/01/2022** | Months Reviewed: **41** |
| Scheduled Payment Amount: **=** | Amount Past Due: **$1,034** | Deferred Payment Start Date: **=** |
| Actual Payment Amount: **=** | Charge Off Amount: **=** | Balloon Payment Amount: **=** |
| Date of Last Payment: **=** | Date Closed: **=** | Balloon Payment Date: **=** |
| Term Duration: **=** | Activity Designator: **=** | Narrative Code(s): **166, 057** |

**Payment History**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | C | = | = | = | = | = | = | = | = | = | = | = |
| 2025 | C | C | C | C | C | C | C | C | C | C | C | C |
| 2024 | C | C | C | C | C | = | C | C | C | C | C | C |
| 2023 | = | = | = | C | C | C | C | C | C | C | C | C |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ✓ | Paid on Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 120 | 120 Days Past Due |
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure | C | Collection Account |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate | = | No Data Available |

**24 Month History**

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|
| 01/26 | $1,028 | = | = | = | $1,028 | $785 | = | 166, 057 |
| 12/25 | $1,022 | = | = | = | $1,022 | $785 | = | 057 |
| 11/25 | $1,017 | = | = | = | $1,017 | $785 | = | 057 |
| 10/25 | $1,011 | = | = | = | $1,011 | $785 | = | 057 |
| 09/25 | $1,005 | = | = | = | $1,005 | $785 | = | 057 |
| 08/25 | $1,001 | = | = | = | $1,001 | $785 | = | 057 |
| 07/25 | $994 | = | = | = | $994 | $785 | = | 057 |
| 06/25 | $989 | = | = | = | $989 | $785 | = | 057 |
| 05/25 | $983 | = | = | = | $983 | $785 | = | 057 |
| 04/25 | $977 | = | = | = | $977 | $785 | = | 057 |
| 03/25 | $972 | = | = | = | $972 | $785 | = | 057 |
| 02/25 | $969 | = | = | = | $969 | $785 | = | 057 |
| 01/25 | $962 | = | = | = | $962 | $785 | = | 057 |
| 12/24 | $956 | = | = | = | $956 | $785 | = | 057 |
| 11/24 | $950 | = | = | = | $950 | $785 | = | 057 |
| 10/24 | $944 | = | = | = | $944 | $785 | = | 057 |
| 09/24 | $939 | = | = | = | $939 | $785 | = | 057 |
| 08/24 | $933 | = | = | = | $933 | $785 | = | 057 |
| 07/24 | $785 | = | = | = | $785 | $785 | = | 057 |
| 05/24 | $785 | = | = | = | $785 | $785 | = | 057 |
| 04/24 | $785 | = | = | = | $785 | $785 | = | 057 |
| 03/24 | $785 | = | = | = | $785 | $785 | = | 057 |
| 02/24 | $785 | = | = | = | $785 | $785 | = | 057 |

| Narrative Code | Narrative Code Description |
|---|---|
| 057 | Collection Account |
| 166 | Consumer Disputes This Account Information |



**PLAZA SERVICES LLC - Closed**

110 HAMMOND DR, ATLANTA, GA 30328-4806 | (877) 756-7096
Account Number: *9927 | Owner: **Individual Account**
Loan/Account Type: **Debt Buyer** Account | Status: ▪

Date Reported: **01/15/2026** | Balance: **$2,050**
Credit Limit: ▪ | High Credit: **$2,050**

Date Opened: **06/03/2022**
Date of Last Activity: ▪
Scheduled Payment Amount: ▪
Actual Payment Amount: ▪
Date of Last Payment: ▪
Term Duration: ▪

Date of 1st Delinquency: **03/03/2022**
Date Major Delinquency 1st Reported: **05/09/2024**
Amount Past Due: **$2,050**
Charge Off Amount: ▪
Date Closed: ▪
Activity Designator: ▪

Terms Frequency: ▪
Months Reviewed: **20**
Deferred Payment Start Date: ▪
Balloon Payment Amount: ▪
Balloon Payment Date: ▪
Narrative Code(s): **057**

**Payment History**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2025 | C | C | C | C | C | C | C | C | C | C | C | C |
| 2024 | ▪ | ▪ | ▪ | ▪ | C | C | C | C | C | C | C | C |

| | | | | | | |
|---|---|---|---|---|---|---|
| ✓ | Paid on Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 120 | 120 Days Past Due |
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure | C | Collection Account |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate | ▪ | No Data Available |

**24 Month History**

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|------|---------|---------|---------|---------|---------|---------|---------|---------|
| 12/25 | $2,050 | ▪ | ▪ | ▪ | $2,050 | $2,050 | ▪ | 057 |
| 11/25 | $2,050 | ▪ | ▪ | ▪ | $2,050 | $2,050 | ▪ | 057 |
| 10/25 | $2,050 | ▪ | ▪ | ▪ | $2,050 | $2,050 | ▪ | 057 |
| 09/25 | $2,050 | ▪ | ▪ | ▪ | $2,050 | $2,050 | ▪ | 057 |
| 08/25 | $2,050 | ▪ | ▪ | ▪ | $2,050 | $2,050 | ▪ | 057 |
| 07/25 | $2,050 | ▪ | ▪ | ▪ | $2,050 | $2,050 | ▪ | 057 |
| 06/25 | $2,050 | ▪ | ▪ | ▪ | $2,050 | $2,050 | ▪ | 057 |
| 05/25 | $2,050 | ▪ | ▪ | ▪ | ▪ | $2,050 | ▪ | 057 |
| 04/25 | $2,050 | ▪ | ▪ | ▪ | ▪ | $2,050 | ▪ | 057 |
| 03/25 | $2,050 | ▪ | ▪ | ▪ | ▪ | $2,050 | ▪ | 057 |
| 02/25 | $2,050 | ▪ | ▪ | ▪ | ▪ | $2,050 | ▪ | 057 |
| 01/25 | $2,050 | ▪ | ▪ | ▪ | ▪ | $2,050 | ▪ | 057 |
| 12/24 | $2,050 | ▪ | ▪ | ▪ | ▪ | $2,050 | ▪ | 057 |
| 11/24 | $2,050 | ▪ | ▪ | ▪ | ▪ | $2,050 | ▪ | 057 |
| 10/24 | $2,050 | ▪ | ▪ | ▪ | ▪ | $2,050 | ▪ | 057 |
| 09/24 | $2,050 | ▪ | ▪ | ▪ | ▪ | $2,050 | ▪ | 057 |
| 08/24 | $2,050 | ▪ | ▪ | ▪ | ▪ | $2,050 | ▪ | 057 |
| 07/24 | $2,050 | ▪ | ▪ | ▪ | ▪ | $2,050 | ▪ | 057 |
| 06/24 | $2,050 | ▪ | ▪ | ▪ | ▪ | $2,050 | ▪ | 057 |
| 05/24 | $2,050 | ▪ | ▪ | ▪ | ▪ | $2,050 | ▪ | 057 |

| Narrative Code | Narrative Code Description |
|----------------|---------------------------|
| 057 | Collection Account |



## NATIONAL CREDIT ADJUSTERS - Closed

327 W 4th Ave, Hutchinson, KS 67501-4842 | (800) 542-1048
Account Number: *0334 | Owner: Individual Account
Loan/Account Type: Debt Buyer Account | Status: ▪

Date Reported: 02/01/2026 | Balance: $1,584
Credit Limit: ▪ | High Credit: $1,584

Date Opened: 03/07/2023
Date of Last Activity: ▪
Scheduled Payment Amount: ▪
Actual Payment Amount: ▪
Date of Last Payment: ▪
Term Duration: ▪

Date of 1st Delinquency: 11/16/2021
Date Major Delinquency 1st Reported: 05/01/2023
Amount Past Due: $1,584
Charge Off Amount: ▪
Date Closed: ▪
Activity Designator: ▪

Terms Frequency: ▪
Months Reviewed: 33
Deferred Payment Start Date: ▪
Balloon Payment Amount: ▪
Balloon Payment Date: ▪
Narrative Code(s): 166, 057

### Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2026 | C | ▪ | ▪ | ▪ | ▪ | ▪ | ▪ | ▪ | ▪ | ▪ | ▪ | ▪ |
| 2025 | C | C | C | C | C | C | C | C | C | C | C | C |
| 2024 | C | C | C | C | C | C | C | C | C | C | C | C |
| 2023 | ▪ | ▪ | ▪ | ▪ | C | C | C | C | C | C | C | C |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ✓ | Paid on Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 120 | 120 Days Past Due |
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure | C | Collection Account |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate | ▪ | No Data Available |

### 24 Month History

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|
| 01/26 | $1,584 | ▪ | ▪ | ▪ | $1,584 | $1,584 | ▪ | 166, 057 |
| 12/25 | $1,584 | ▪ | ▪ | ▪ | $1,584 | $1,584 | ▪ | 057 |
| 11/25 | $1,584 | ▪ | ▪ | ▪ | $1,584 | $1,584 | ▪ | 057 |
| 10/25 | $1,584 | ▪ | ▪ | ▪ | $1,584 | $1,584 | ▪ | 057 |
| 09/25 | $1,584 | ▪ | ▪ | ▪ | $1,584 | $1,584 | ▪ | 057 |
| 08/25 | $1,584 | ▪ | ▪ | ▪ | $1,584 | $1,584 | ▪ | 057 |
| 07/25 | $1,584 | ▪ | ▪ | ▪ | $1,584 | $1,584 | ▪ | 057 |
| 06/25 | $1,584 | ▪ | ▪ | ▪ | $1,584 | $1,584 | ▪ | 057 |
| 05/25 | $1,584 | ▪ | ▪ | ▪ | $1,584 | $1,584 | ▪ | 057 |
| 04/25 | $1,584 | ▪ | ▪ | ▪ | $1,584 | $1,584 | ▪ | 057 |
| 03/25 | $1,584 | ▪ | ▪ | ▪ | $1,584 | $1,584 | ▪ | 057 |
| 02/25 | $1,584 | ▪ | ▪ | ▪ | $1,584 | $1,584 | ▪ | 057 |
| 01/25 | $1,584 | ▪ | ▪ | ▪ | $1,584 | $1,584 | ▪ | 057 |
| 12/24 | $1,584 | ▪ | ▪ | ▪ | $1,584 | $1,584 | ▪ | 057 |
| 11/24 | $1,584 | ▪ | ▪ | ▪ | $1,584 | $1,584 | ▪ | 057 |
| 10/24 | $1,584 | ▪ | ▪ | ▪ | $1,584 | $1,584 | ▪ | 057 |
| 09/24 | $1,584 | ▪ | ▪ | ▪ | $1,584 | $1,584 | ▪ | 057 |
| 08/24 | $1,584 | ▪ | ▪ | ▪ | $1,584 | $1,584 | ▪ | 057 |
| 07/24 | $1,584 | ▪ | ▪ | ▪ | $1,584 | $1,584 | ▪ | 057 |
| 06/24 | $1,584 | ▪ | ▪ | ▪ | $1,584 | $1,584 | ▪ | 057 |
| 05/24 | $1,584 | ▪ | ▪ | ▪ | $1,584 | $1,584 | ▪ | 057 |
| 04/24 | $1,584 | ▪ | ▪ | ▪ | $1,584 | $1,584 | ▪ | 057 |
| 03/24 | $1,584 | ▪ | ▪ | ▪ | $1,584 | $1,584 | ▪ | 057 |
| 02/24 | $1,584 | ▪ | ▪ | ▪ | $1,584 | $1,584 | ▪ | 057 |

| Narrative Code | Narrative Code Description |
|---|---|
| 057 | Collection Account |
| 166 | Consumer Disputes This Account Information |

# EXHIBIT B
# FTC's Opinion Letter



**FEDERAL TRADE COMMISSION**
PROTECTING AMERICA'S CONSUMERS

//////////////////////

## Advisory Opinion to Darcy (06-30-00)

June 30, 2000

Denise A. Darcy, Esq.
Asst. General Counsel
TRANS UNION
555 West Adams Street
Chicago, Illinois 60661

Dear Ms. Darcy:

This responds to your letter dated concerning whether the Fair Credit Reporting Act ("FCRA") allows Trans Union or another consumer reporting agency ("CRA"), for security purposes, to "truncate, scramble or mask the account number and social security number" when making file disclosures to consumers. You report that such a procedure has been recommended to you by a consumer who was recently the victim of account takeover fraud by a perpetrator who fraudulently procured the individual's Trans Union file by impersonating the consumer. You state: "While some creditors truncate or scramble the data before they supply it to us, not all do; therefore, many of the account numbers on our file are complete and accurate, and that is what we disclose to the consumer."

Section 609(a)(1) of the FCRA states that CRAs, including major credit bureaus such as Trans Union, "shall, upon request (by a consumer), clearly and accurately disclose to the consumer . . . *All information* in the consumer's file at the time of the request" (emphasis added). If the "information in the consumer's file at the time of the request" includes account and social security numbers, the provision thus normally requires that the CRA "clearly and accurately" include such items in its disclosure to consumers. However, because the trigger for a file disclosure is a "request" by a consumer, a CRA may allow consumers (such as the individual in your letter) to choose truncation or other security measures in their own file disclosure. In other words, although Section 609 provides consumers with a right to *all information* in the file, a CRA may provide a method for the consumer to ask for less than all information and then comply with that "request" when it makes the disclosure.

In sum, it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide "accurate" (and perhaps not "clear") disclosure of "all information" in the file. However, if a consumer's "request" for a file disclosure is framed so as to allow some items in the file to be abbreviated or revised in that fashion, a CRA making such a disclosure would comply with Section 609.

The opinions set forth in this informal staff letter are not binding on the Commission.

Sincerely yours,

Clarke W. Brinckerhoff

# EXHIBIT C

# Credit Reporting Resource Guide

## Field Definitions

### K1 Segment
### Original Creditor Name

The K1 Segment must be present each time the account is reported by collection agencies, debt buyers, check guarantee companies, student loan guaranty agencies, and the U.S. Department of Education. **The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports.** Without the original creditor names, consumers may not know what the accounts represent.

Some state laws and CDIA policy stipulate that the original client/creditor must be identified. Federal law stipulates that the name of the payee must be identified when reporting returned checks.

Only one occurrence of the K1 Segment can be appended to the Base Segment. If not applicable, do not report the K1 Segment.

| FIELD | FIELD NAME & DESCRIPTION | 366 and 426 FORMATS | | |
|---|---|---|---|---|
| | | Length | Position | Recording Technique |
| 1 | **Segment Identifier**<br>Contains a constant of **K1**. | 2 | 1-2 | AN |
| 2 | **Original Creditor Name**<br>The content of this field is dependent on the type of reporter.<br><br>Collection Agencies: Report the name of the company/creditor that originally opened the account for the consumer, even if the account had been turned over to multiple collection agencies.<br><br>Debt Buyers: Report the name of the company/creditor that originally opened the account for the consumer, even if the account had been sold multiple times to different debt buyers. Refer to the K2 Segment for "purchased from" information.<br><br>Companies Reporting Returned Checks: Report the name of the payee; i.e., name of company to which the check was written. Refer to Frequently Asked Question 16 for additional guidelines on reporting returned checks.<br><br>Student Loan Guarantors/U.S. Department of Education: Report the name of the original student loan lender.<br><br>One of the following three options should be used when reporting a creditor's name that would reveal sensitive information about the consumer.<br><br>1. Report the name of the institution, but do not include reference to the type of service. For example, use the hospital name without identifying that it was the psychiatric unit that provided care. If a hospital's name reveals sensitive information, abbreviate the name.<br><br>2. Use the corporate name if it is different from the commercial name of a mental institution or drug rehabilitation center.<br><br>3. Do not report the account if either of the above two options would not sufficiently protect the consumer's privacy.<br><br>**Note: Encoded information is not acceptable in this field.** | 30 | 3-32 | AN |

Copyright 2011 © Consumer Data Industry Association